

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711



JOHN L. HILL
ATTORNEY GENERAL

May 10, 1974

The Honorable Bevington Reed
Commissioner, Coordinating Board
Texas College and University System
P. O. Box 12788, Capitol Station
Austin, Texas 78711

Opinion No. H- 299

Re: Clarification of the statutes regarding the offering of certain vocational technical programs within the district of a public junior college by the Texas State Technical Institute.

Dear Dr. Reed:

You have submitted to us the following question:

"Your opinion is requested as to whether, at some time after the State Board of Vocational Education approves the offering of a program(s) by Texas State Technical Institute within the district of a public junior college that is operating a vocational and technical program, the affected junior college may petition and cause the State Board of Vocational Education to revoke that approval for Texas State Technical Institute, based upon the stated desire and demonstrated capability of the junior college to offer the same program in its district."

The Texas State Technical Institute was initially created as the James Connally Technical Institute under the direction and control of the Board of Directors of Texas A & M University. (Acts 1965, 59th Leg., ch. 91, p. 220). In 1969 the name of the Institute was changed to the Texas State Technical Institute and it was placed under the control of its own Board of nine regents, appointed by the Governor. (Acts 1969, 61st Leg., R.S., ch. 179, p. 515).

These provisions were incorporated in the Texas Education Code, V. T. C. S., in 1971 along with other laws relating to higher education. (Acts 1971, 62nd Leg., R. S., ch. 1024, p. 3072, 3316). They now appear as Chapter 135 of Title 3 of the Texas Education Code. Pertinent to your question are the following sections of that Chapter:

Section 135.03

"(a) The institute shall provide occupationally oriented programs in highly technical and vocational areas, including field or laboratory work and remedial or related academic and technical instruction. Particular emphasis shall be placed on industrial and technological manpower needs of the state. Technical and vocational programs shall be subject to the approval of the State Board of Vocational Education. Related academic instruction is subject to the approval of the Coordinating Board, Texas College and University System. "

Section 135.04

"(a) Educational programs wholly or partially financed from state funds are subject to the prior approval of the State Board of Vocational Education and the Coordinating Board, Texas College and University System.

"(b) Before any program may be offered by the institute within the district of a public junior college that is operating a vocational and technical program, it must be established that the public junior college is not capable of offering or is unable to offer the program. After it is established that a need for the program exists and that the program is not locally available, the institute may offer the program, provided approval is secured as required by this chapter. Approval set forth in this subsection does not apply to McLennan, Cameron, and Potter counties.

"(c) Where a local government located in a county or a portion of a county that is not operating a public junior college district   requests that the institute offer a program, the institute may offer the program provided approval is secured from the State Board of Vocational Education. "

It is apparent from the foregoing statutes that, before the Institute may offer a vocational or technical program within the district of a public junior college, it must establish that the junior college is not capable of offering the program or is unable to offer the program and must secure approval of the State Board of Vocational Education and, if partially financed from state funds, of the Coordinating Board, Texas College and University System, in addition.

We find no statute specifically conferring upon either the State Board of Vocational Education or the Coordinating Board authority to revoke such approval once given.   The State Board of Vocational Education is composed of those who compose the State Board of Education (Sections 11. 34 and 11. 41, Texas Education Code, V. T. C. S. ).   Whatever authority they may have over the program of the Institute  in addition to those set out in the sections of Chapter 135 quoted above would seem to come from Section 61. 051 defining the powers and duties of the Coordinating  Board.

That section confers upon the Board either by itself, or in cooperation with the Board of Vocational Education, broad authority over "certificate programs" and particularly in its subsections (e) and (f), including the power to order the elimination of certificate programs where that action is in the best interests of the institutions, etc. , or to recommend the elimination of certificate programs for which a need no longer exists. However, Section  61. 003 excludes from the definition of "certificate program" those programs approved by or subject to the approval of the State Board of Vocational Education.   Thus, we are unable to find any authority, either in the State Board of Vocational Education or in the Coordinating Board,  Texas College and University System, to revoke approval previously given to the Texas State  Technical Institute under Section 135. 03(a) or Section 135. 04 of the Texas Education Code.   We are reinforced in our construction of the statutes by the language of Section 135. 03(b) which does require prior and continuing approval of the State Board of Vocational Education for programs for technical teachers,

counselors and supervisors to be given by the Institute. As to those courses, the State Board of Vocational Education may revoke approval.

Had the Legislature intended that the Institute's courses be subject to that same degree of control and continuing approval by the State Board of Vocational Education or by the Coordinating Board, Texas College and University System, it could have said so. It did not and we see no reason to read such intent into the language which was adopted by the Legislature. Whether or not such continuing approval is desirable is for the Legislature to determine.

SUMMARY

Except for training programs for technical teachers, counselors and supervisors, the State Board of Vocational Education and the Coordinating Board, Texas College and University System, lack the power to revoke approval once given for programs to be offered by the Texas State Technical Institute.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee